IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00647-BNB

DARRICK ALEXANDER,

    Plaintiff,

v.

EXECUTIVE DIRECTOR OF COLORADO DEPT. OF CORRECTIONS,
WARDEN OF STERLING CORRECTIONAL FACILITY,
ASS. WARDEN OF STERLING CORRECTIONAL FACILITY,
JANE & JOHN DOE ADMINISTRATIVE HEADS, S.C.F.,
C. SOARES, Administrative Head, S.C.F.,
LT. PRESTON TEN EYCK, S.C.F.,
CHAIRPERSON ALLEN HARMS, S.C.F.,
INITIATING D.O.C. EMPLOYEE JIMERSON, S.C.F.,
CM I RANDY NORRIS, S.C.F.,
CM III WESLEY WILSON, S.C.F.,
DAN CRANSFIELD & LAW LIBRARY STAFF, S.C.F.,
CM DARREL SNYDER, S.C.F.,
MAJOR REVORD & JANE & JOHN DOE, S.C.F. Kitchen,
LT. BYCKOWSKI, S.C.F.,
SGT. BELCHER, S.C.F.,
SGT. ARFSTEN, S.C.F.,
CDOC STEP 3 GRIEVANCE OFFICER ANTHONY A. DeCESARO,
SGT. JONES, S.C.F.,
CO HUX, S.C.F.,
CO HUFF, S.C.F.,
CO JANE & JOHN DOE, S.C.F. Mailroom & Staff,
CO BAXTON, S.C.F.,
CO ASH, S.C.F.,
CO DAVIDSON, S.C.F.,
CO ANDRIELLO, S.C.F.,
CO BRIGGS, S.C.F., and
JANE & JOHN DOE CORRECTIONAL OFFICERS, S.C.F. & CDOC,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Darrick Alexander, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Buena Vista Correctional Facility in Buena Vista, Colorado.  Mr. Alexander initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated.  On April 4, 2013, the court ordered Mr. Alexander to file an amended complaint that complies with the District of Colorado local rules and the pleading requirements of the Federal Rules of Civil Procedure.  On May 7, 2013, Mr. Alexander filed an amended Prisoner Complaint (ECF No. 8).

The court must construe the amended Prisoner Complaint liberally because Mr. Alexander is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Alexander will be ordered to file a second amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the amended Prisoner Complaint and finds that the amended Prisoner Complaint remains deficient because Mr. Alexander still fails to comply with the District of Colorado local rules and the pleading requirements of the Federal Rules of Civil Procedure.  However, because it appears that Mr. Alexander has made some effort to comply with the court's prior order to amend, he will be given one more opportunity to file a pleading that complies with the District of Colorado local rules and the pleading requirements of the Federal Rules of Civil Procedure.

With respect to the District of Colorado local rules, it is not clear exactly who and how many Defendants Mr. Alexander is suing because he still fails to list one party per

line in the caption as required.  See D.C.COLO.LCivR 10.1J.  More specifically, Mr. Alexander may not list in the caption Defendants such as "Jane & John Doe Administrative Heads, S.C.F.," "Dan Cransfield & Law Library Staff, S.C.F.," "Major Revord & Jane & John Doe, S.C.F. Kitchen," "CO Jane & John Doe, S.C.F. Mailroom & Staff," and "Jane & John Doe Correctional Officers, S.C.F. & CDOC" because such listings include multiple Defendants on a single line.  Mr. Alexander may use fictitious names, such as John and Jane Doe, if he does not know the real names of the individuals he is suing, but he must make clear how many John and Jane Does are being named as Defendants by listing only one Defendant per line in the caption, and he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

With respect to the pleading requirements of the Federal Rules of Civil Procedure, Mr. Alexander still fails to identify which Defendant or Defendants he is suing with respect to each asserted claim.  For example, it is not clear which Defendant or Defendants claims 12, 15, 16, 17, and 19 are asserted against.  Mr. Alexander also fails in the amended Prisoner Complaint to clarify specifically what each named Defendant did that allegedly violated his rights.  For example, Mr. Alexander's allegations in support of claims 9, 11, and 18 do not provide a clear and concise statement of each named Defendant's personal participation in the asserted constitutional violations.  Finally, Mr. Alexander still provides only vague and conclusory allegations in support of claims 3, 4, 5, 6, 7, 9, 11, and 12 that are not sufficient to state a cognizable claim for relief.  For example, Mr. Alexander fails to allege in support of his due process claims the nature of the constitutionally protected liberty or property

interest supposedly violated or the specific process that was not provided. *See, e.g., Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974) (discussing requirements for prison disciplinary proceedings that implicate a constitutionally protected liberty interest). Similarly, Mr. Alexander alleges in various claims that his constitutional right of access to the courts has been violated but he fails to identify any actual injury with respect to his efforts to litigate his court cases. *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996).

For each claim Mr. Alexander asserts in the second amended complaint, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a § 1983 action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Alexander must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055

(10th Cir. 1993). Mr. Alexander cannot satisfy the requirement of alleging personal participation by simply listing the names of one or more Defendants in each claim he asserts without providing specific allegations regarding what each named Defendant did that allegedly violated his rights.

A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199. Accordingly, it is

ORDERED that Mr. Alexander file, **within thirty (30) days from the date of this order**, a second amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Alexander shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Alexander fails to file a second amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED May 16, 2013, at Denver, Colorado.

>BY THE COURT:
>
> s/ Boyd N. Boland
> United States Magistrate Judge