IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00647-BNB

DARRICK ALEXANDER,

    Plaintiff,

v.

EXECUTIVE DIRECTOR OF COLORADO DEPT. OF CORRECTIONS,
WARDEN, Sterling Correctional Facility,
ASS. WARDEN, Sterling Correctional Facility,
JANE or JOHN DOE, Administrative Heads, S.C.F.,
C. SOARES, Administrative Head, S.C.F.,
LT. PRESTON TEN EYCK, S.C.F.,
CHAIRPERSON ALLEN HARMS, S.C.F.,
INITIATING D.O.C. EMPLOYEE JIMERSON, S.C.F.,
CM I RANDY NORRIS, S.C.F.,
CM III WESLEY WILSON, S.C.F.,
DAN CRANSFIELD S.C.F.,
JANE or JOHN DOE, Law Library Staff, S.C.F.,
JANE or JOHN DOE, Law Library Staff, S.C.F.,
CM DARREL SNYDER, S.C.F.,
MAJOR RIVORD S.C.F.,
JANE or JOHN DOE, Kitchen Staff, S.C.F.,
JANE or JOHN DOE, Kitchen Staff, S.C.F.,
LT. BYCKOWSKI, S.C.F.,
SGT. BELCHER, S.C.F.,
SGT. ARFSTEN, S.C.F.,
CDOC STEP 3 GRIEVANCE OFFICER A. DeCESARO,
SGT. JONES, S.C.F.,
CO HUX, S.C.F.,
CO HUFF, S.C.F.,
CO SEYFANG, S.C.F.,
JANE or JOHN DOE, Mailroom Staff, S.C.F.,
JANE or JOHN DOE, Mailroom Staff, S.C.F.,
CO BAXTON, S.C.F.,
CO ASH, S.C.F.,
CO DAVIDSON, S.C.F.,
CO ANDRIELLO, S.C.F.,
CO BRIGGS, S.C.F.,
JANE or JOHN DOE, S.C.F.,
JANE or JOHN DOE, S.C.F.,
JANE or JOHN DOE, Medical Dept., S.C.F., and

JANE or JOHN DOE, Medical Dept., S.C.F.,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

    Plaintiff, Darrick Alexander, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Buena Vista Correctional Complex in Buena Vista, Colorado. Mr. Alexander initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated. On April 4, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Alexander to file an amended complaint that complies with the District of Colorado local rules and the pleading requirements of the Federal Rules of Civil Procedure if he wishes to pursue his claims in this action. On May 7, 2013, Mr. Alexander filed an amended Prisoner Complaint (ECF No. 8).

    On May 16, 2013, Magistrate Judge Boland entered an order directing Mr. Alexander to file a second amended complaint because it still was not clear exactly who and how many Defendants Mr. Alexander was suing and his claims in the amended Prisoner Complaint still failed to comply with the pleading requirements of the Federal Rules of Civil Procedure. With respect to the pleading requirements of the Federal Rules of Civil Procedure, Magistrate Judge Boland determined that Mr. Alexander failed to provide a short and plain statement of his claims showing he is entitled to relief because he failed to identify who he was suing with respect to each asserted claim; he failed to allege clearly and concisely what each Defendant did that allegedly violated his

rights; and he failed to allege specific facts in support of each asserted claim.

On August 19, 2013, Mr. Alexander filed a second amended Prisoner Complaint (ECF No. 15).  Mr. Alexander asserts twenty-one claims for relief alleging that his rights under the United States Constitution have been violated.  Mr. Alexander's claims primarily arise from his incarceration at the Sterling Correctional Facility (SCF) in Sterling, Colorado.  He requests damages and injunctive relief.

The Court must construe the second amended Prisoner Complaint liberally because Mr. Alexander is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the second amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court must review Mr. Alexander's claims in the second amended Prisoner Complaint because he is a prisoner and he is seeking redress from officers or employees of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is required to dismiss the second amended Prisoner Complaint, or any portion of the second amended Prisoner Complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the second amended Prisoner Complaint in part as legally frivolous.

The Court notes initially that Mr. Alexander fails to assert any claim against Sgt. Arfsten even though Sgt. Arfsten is listed as a Defendant in the second amended Prisoner Complaint. Therefore, Sgt. Arfsten will be dismissed as a party to this action.

Claim 1

Mr. Alexander alleges in claim 1 that his Fourth Amendment right to privacy was violated on or about March 3, 2011, when he was strip-searched by two John Doe correctional officers and a Jane Doe female nurse. Mr. Alexander names as Defendants in claim 1 the two correctional officers and the female nurse. The Court will not address the merits of claim 1 at this time.

Claim 2

Mr. Alexander alleges in claim 2 that his Fourth Amendment rights were violated when he was subjected to a second strip search by the same two John Doe correctional officers shortly after he was searched the first time. The Court will not address the merits of claim 2 at this time.

Claim 3

Mr. Alexander alleges in claim 3 that his constitutional right of access to the courts was violated. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, a prisoner's access to the courts claim lacks merit in the absence of an actual injury in the prisoner's ability to pursue a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (per

curiam).

Mr. Alexander specifically alleges in claim 3 that he was denied access to the courts because "[o]n several occa[]sions [Defendant] Dan Cransfield personally denied access to legal work [and] as a result certain court deadlines were missed & cases were dismissed." (ECF No. 15 at 16.)  Mr. Alexander does not allege with specificity when he was denied access to legal work, what cases were dismissed, and what nonfrivolous legal claims he was unable to pursue.  The Court will dismiss claim 3 as legally frivolous because the claim is vague and conclusory.

Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings.  See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*, 935 F.2d at 1110.

In the order directing him to file an amended complaint, Magistrate Judge Boland specifically advised Mr. Alexander that, for each claim he asserts, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Magistrate Judge Boland also advised Mr. Alexander that, although *pro se* pleadings must be construed liberally, this general rule has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments

5

and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Finally, with respect to the access to the courts claims in particular, Magistrate Judge Boland specifically advised Mr. Alexander that he must identify an actual injury with respect to his efforts to litigate his court cases in order to state a cognizable access to the courts claim.

Despite these warnings, Mr. Alexander fails to support his access to the courts claim with specific factual allegations. He does not allege when the alleged constitutional violations occurred and, most importantly, he fails to provide specific factual allegations regarding the nonfrivolous legal claims he was unable to pursue. *See Lewis*, 518 U.S. at 349-55; *Penrod*, 94 F.3d at 1403. Therefore, claim 3 will be dismissed as legally frivolous.

Claim 4

Claim 4 is another access to the courts claim. Mr. Alexander alleges as follows:

> On several occasions from March 3, 2011[,] through April 5, 2012[,] Dan Cransfield & Jane & or John Doe of S.C.F. law library staff denied the Plaintiff's written requests for legal supplies, forms, Court Captions, legal loan materials, legal assistance & photo Copies that are supposed to be provided for offenders in segregation, administrative segregation & those without physical access to the law library. The Plaintiff was housed in segregation/ad. seg from March 3, 2011[,] through April 5, 2012. The afore mentioned [a]ffected & in some cases eliminated litigation preparation for active cases that the Plaintiff was a Pro-Per litigant.

(ECF No. 15 at 17.)

The Court finds that claim 4 is vague and conclusory and must be dismissed as legally frivolous. *See Ketchum*, 775 F. Supp. at 1403. In particular, Mr. Alexander fails to allege specific facts that demonstrate he suffered an actual injury with respect to his

6

ability to pursue a nonfrivolous legal claim.  See *Lewis*, 518 U.S. at 349-55; *Penrod*, 94 F.3d at 1403.

Claim 5

Mr. Alexander alleges in claim 5 that his constitutional right to due process was violated as follows:

> On several occasions from 3-3-2011 through 4-5-2012 while Plaintiff was housed in seg./ad. seg., Dan Cransfield & Jane & or John Doe of S.C.F. law library staff violated the Plaintiff's right to Due Process by keeping copies of legal work, motions, filings & other process when the Plaintiff requested photo copies of such.  Some of which CDOC & or S.C.F. staff were defendants.

(ECF No. 15 at 17.)

The Court finds that claim 5 is vague and conclusory and must be dismissed as legally frivolous.  See *Ketchum*, 775 F. Supp. at 1403.  In particular, Mr. Alexander fails to allege exactly when the alleged violations occurred and he fails to allege that he was deprived of a constitutionally protected interest in life, liberty, or property.  See *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) (noting that the Constitution guarantees due process only when a person is to be deprived of life, liberty, or property).

Claim 6

Mr. Alexander alleges in claim 6 that "[o]n numerous occasions from March 3, 2011[,] through April 5, 2012[,] Dan Cransfield & Jane & or John Doe of S.C.F. law library violated the Plaintiff's attorney client privilege by keeping copies of letters to his attorney of record when he requested photocopies." (ECF No. 15 at 17-18.)  To the extent this claim can be construed liberally as a federal claim properly asserted

pursuant to 42 U.S.C. § 1983, the Court finds that the claim is vague and conclusory and must be dismissed as legally frivolous because Mr. Alexander fails to specify when the alleged violations occurred and fails to provide specific factual allegations regarding the content of the letters.  *See Ketchum*, 775 F. Supp. at 1403.  A prisoner's right to correspond with his attorney does not extend to correspondence on any subject; it extends only to issues implicating the prisoner's right of access to the courts.  *See Evans v. Moseley*, 455 F.2d 1084, 1087 (10th Cir. 1972).  Therefore, in the absence of specific allegations regarding the subject matter of the letters to his attorney and actual injury in his ability to pursue a nonfrivolous legal claim, claim 6 must be dismissed.

Claim 7

Mr. Alexander alleges in claim 7 that his constitutional right of access to the courts was violated because unknown mailroom staff on numerous occasions, apparently between March 3, 2011, and April 5, 2012, have "refused to mail the Plaintiff's legal mail to the courts as well as to his attorney of record." (ECF No. 15 at 19.)

The Court finds that claim 7 is vague and conclusory and must be dismissed as legally frivolous.  *See Ketchum*, 775 F. Supp. at 1403.  Mr. Alexander again fails to specify exactly when the alleged violations occurred and he fails to allege specific facts that demonstrate he suffered an actual injury with respect to his ability to pursue a nonfrivolous legal claim.  *See Lewis*, 518 U.S. at 349-55; *Penrod*, 94 F.3d at 1403.

Claim 8

Mr. Alexander alleges in claim 8, which also is asserted against unknown mailroom staff, that his right of access to his attorney was violated when legal mail he

8

attempted to send to his attorney on July 18, 2011, was not mailed. According to Mr. Alexander, the legal mail was not sent because the unknown mailroom staff claimed it was not legal mail and because there was artwork on the envelope.

Construing claim 8 liberally as a constitutional claim, the Court finds that the claim is vague and conclusory and must be dismissed as legally frivolous. Even assuming an isolated incident of interference with a prisoner's legal mail rises to the level of a constitutional violation, Mr. Alexander fails to provide specific factual allegations regarding the legal mail he attempted to send to his attorney. As noted above, a prisoner's right to correspond with his attorney does not extend to correspondence on any subject; it extends only to issues implicating the prisoner's right of access to the courts. *See Evans*, 455 F.2d at 1087. Therefore, in the absence of specific allegations regarding the subject matter of the legal mail Mr. Alexander sought to send to his attorney and actual injury in his ability to pursue a nonfrivolous legal claim, the claim must be dismissed.

Claim 9

Claim 9 is a due process claim that includes a number of subparts. Mr. Alexander contends that in March 2011 Defendants Preston Ten Eyck, Allen Harms, an unknown SCF administrative head, and C. Soares "failed to observe due process requirements pertaining to Case No. 11-1606" (ECF No. 15 at 20); Defendants Jimerson, C. Soares, an unidentified chairperson, Wesley Wilson, Randy Norris, and another unidentified individual "failed to observe due process requirements pertaining to Case No. AS205-11" (*id.*); Defendant Darrel Snyder "failed to uphold & perform according to CDOC A.R. per case management duties & meetings" (*id.*); Defendants

SCF Warden, SCF Assistant Warden, C. Soares, and Jane & John Doe administrative heads violated his right to due process because their reviews of his placement in administrative segregation "failed to meet the due process requirement during the period of (14) months he was in Ad. Seg" (*id.*); Defendants Sergeant Jones and correctional officer Hux denied him due process on January 7, 2012, by taking his "job as living unit pod porter & his achieved level 4 status which was necessary to be considered for replacement in general population[] [w]ithout a COPD write up or a COPD hearing which prolonged Ad. Seg. Placement[] [a]s he was demoted to level three" (*id.*); unidentified SCF correctional officers denied him due process while he was in administrative segregation by penalizing him without a formal discipline hearing or an opportunity to refute the allegations; and he was denied due process when his property was destroyed or sent home at his expense without a hearing to determine what property was allowed in administrative segregation.

The Court finds that claim 9 is vague and conclusory and must be dismissed as legally frivolous.  *See Ketchum*, 775 F. Supp. at 1403.  In particular, Mr. Alexander fails to allege facts in support of the various due process claims that demonstrate specifically what each named Defendant did and when the alleged violations occurred and he fails to allege specific facts that demonstrate he was deprived of a constitutionally protected interest in life, liberty, or property.  *See Templeman*, 16 F.3d at 369 (noting that the Constitution guarantees due process only when a person is to be deprived of life, liberty, or property).

Claim 10

Mr. Alexander alleges in claim 10 that he was subjected to double jeopardy

because he was both convicted of a prison disciplinary offense and reclassified to administrative segregation as a result of the same incident report.  Although Mr. Alexander refers to a number of Defendants in connection with claim 10, he does not provide specific factual allegations demonstrating that any of these Defendants personally participated in the asserted violation of double jeopardy.  In any event, the Court finds that claim 10 is legally frivolous and must be dismissed.  "Because the Double Jeopardy clause only applies to proceedings that are essentially criminal in nature, it is well established that prison disciplinary sanctions – such as administrative segregation – do not implicate double jeopardy protections."  *Fogle v. Pierson*, 435 F.3d 1252, 1261-62 (10th Cir. 2006) (internal quotation marks and citations omitted).

Claim 11

Mr. Alexander alleges in claim 11 that the conditions of his confinement in administrative segregation from March 3, 2011, through April 5, 2012, subjected him to cruel and unusual punishment in violation of the Eighth Amendment.  Mr. Alexander asserts claim 11 generally against the DOC executive director, SCF Warden Kevin Milyard, SCF Assistant Warden Chap Delain, an unidentified SCF administrative head, and C. Soares because these defendants approved the conditions in administrative segregation, implemented procedures causing the violations, and failed to respond to letters or take action to correct the conditions.  Mr. Alexander also includes within claim 11 specific allegations against Defendants Lieutenant Byckowski, Sergeant Belcher, Major Revord, and two unidentified kitchen staff members.  The Court will not address the merits of claim 11 at this time.

Claim 12

Mr. Alexander alleges in claim 12 that the conditions of his confinement in cellhouse 5 at the Denver Reception and Diagnostic Center and at the Buena Vista Correctional Facility subjected him to cruel and unusual punishment in violation of the Eighth Amendment.  He asserts this claim against SCF Warden Kevin Milyard and two unidentified John or Jane Does at SCF.  The Court finds that claim 12 must be dismissed as legally frivolous because Mr. Alexander fails to allege any facts that demonstrate prison officials at SCF are responsible for or personally participated in the alleged unconstitutional conditions of Mr. Alexander's confinement at other prisons. *See Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.").

Claim 13

Mr. Alexander alleges in claim 13 that unidentified staff at SCF failed to protect him because, after being verbally threatened by Defendants Ash, Andriello, and Briggs, he discovered a loose razor in his food on February 28, 2012.  The Court will dismiss claim 13 because Mr. Alexander does not allege that Defendants Ash, Andriello, Briggs, or any other named Defendant placed the loose razor in his food or otherwise failed to protect him from harm in violation of his Eighth Amendment rights.  To the extent claim 13 could be construed liberally as being asserted against the unidentified individuals who actually placed the loose razor in Mr. Alexander's food, the claim is repetitive of claim 20 in the second amended Prisoner Complaint.

Claim 14

Mr. Alexander alleges in claim 14 that his rights have been violated because, with only one exception regarding lights being left on twenty-four hours a day, his written

complaints and administrative grievances have been denied.  This claim lacks merit and must be dismissed because Mr. Alexander does not have a constitutional right to file a grievance.  *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (noting that various circuits have held "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure"); *see also Boyd v. Werholtz*, 443 F. App'x 331 (10th Cir. 2011) (affirming dismissal under § 1915A of inmate's claim based on alleged denial of access to prison grievance procedure).

Claim 15

Mr. Alexander alleges in claim 15 that Defendant Anthony A. DeCesaro, the DOC step III grievance officer, "failed to address, correct[,] or act on all issues raised in every step 3 grievance filed by the Plaintiff."  (ECF No. 15 at 30.)  This claim lacks merit and will be dismissed as legally frivolous because Mr. Alexander fails to allege facts that demonstrate Defendant DeCesaro personally participated in any constitutional violation. "A denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

Claim 16

Mr. Alexander alleges in claim 16 that he was denied adequate medical treatment.  He specifically alleges the following in support of claim 16:

> The Plaintiff has been diagnosed with Chronic Prost[a]titis & has a history of Prostate Cancer in his family.  After having Complications the Plaintiff submitted a request for an appointment for treatment.  The Plaintiff was housed in ad. seg. in S.C.F. & one of his appointments was listed as a "no show" by Jane or John Doe in the medical dept. which reflects deliberate indifference.  Ultimately it took (11)

> months to be seen by S.C.F. medical staff w[h]ether
> because of understaffing, oversight, failure[,] denial[,] or
> refusal of adequate medical treatment. When Alexander
> attempted to inquire about side effects of prescribed
> medicine he was charged an additional fee for what was
> supposed to be a follow up. Which incurs deliberate
> indifference & further injury. Reflecting the afore cited
> assertions.

(ECF No. 15 at 30.)

      To establish liability under the Eighth Amendment, Mr. Alexander must allege facts that demonstrate prison officials acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).

      The Court finds that claim 16 is vague and conclusory and must be dismissed as legally frivolous because Mr. Alexander fails to specify when the alleged constitutional violation occurred and he fails to provide specific allegations that demonstrate any named Defendant personally participated in the alleged deliberate indifference to his serious medical needs. *See Ketchum*, 775 F. Supp. at 1403. The only specific allegation within claim 16, that an unidentified person in the prison medical department listed one appointment as a "no show," does not demonstrate deliberate indifference to

a serious medical need.

Claim 17

Claim 17 in the second amended Prisoner Complaint also is an Eighth Amendment medical treatment claim. Mr. Alexander alleges in support of claim 17 that he "was diagnosed with severe plantar fa[scii]tis & Jane or John Doe of S.C.F. Medical staff refused to provide orthotics." (ECF No. 15 at 31.) Mr. Alexander also alleges that he has "filed for ADA accommodations & to date ha[s] received no response from the ADA Coordinator." (*Id.*)

The Court finds that claim 17 is vague and conclusory and must be dismissed as legally frivolous. *See Ketchum*, 775 F. Supp. at 1403. Mr. Alexander fails to specify when the alleged constitutional violation occurred and he fails to provide specific allegations that demonstrate the alleged refusal to provide orthotics by an unidentified medical staff member rises to the level of deliberate indifference to a serious medical need. To the extent Mr. Alexander may intend to assert a claim under the Americans with Disabilities Act, the claim will be dismissed as vague and conclusory and because the claim is not asserted against any Defendant in the second amended Prisoner Complaint.

Claim 18

Mr. Alexander alleges in claim 18 that his constitutional right of access to the courts was violated in March 2012 because an unidentified member of the SCF mailroom staff failed to mail documents to the Court in order to cure deficiencies in a prior action Mr. Alexander filed in the District of Colorado. *See Alexander v. Exec. Dir.*, No. 12-cv-00626-LTB (D. Colo. Apr. 19, 2012) (dismissed without prejudice for failure to

15

cure deficiencies).

The Court finds that claim 18 is vague and conclusory and must be dismissed as legally frivolous. See Ketchum, 775 F. Supp. at 1403. Mr. Alexander fails to allege specific facts that demonstrate he suffered an actual injury with respect to his ability to pursue a nonfrivolous legal claim. See Lewis, 518 U.S. at 349-55; Penrod, 94 F.3d at 1403. In particular, Mr. Alexander fails to identify any nonfrivolous legal claims he sought to pursue in the prior action and he concedes that the action was dismissed without prejudice.

Claim 19

Mr. Alexander alleges in claim 19 that he was the victim of verbal and physical assaults. With respect to the alleged verbal assaults, Mr. Alexander contends that Defendants Huff, Davidson, Andriello, Briggs, and Seyfang verbally assaulted him and threatened him with physical violence on several occasions between March 3, 2011, and April 5, 2012. With respect to the alleged physical assaults, Mr. Alexander contends that Defendants Baxton and Ash on separate occasions caused Mr. Alexander's wrists to bleed by catching skin in handcuffs being placed on Mr. Alexander's wrists. The Court construes claim 19 as raising two separate Eighth Amendment claims.

"The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from bodily harm." Tafoya v. Salazar, 516 F.3d 912, 916 (10th Cir. 2008). In order to assert a cognizable claim under the Eighth Amendment, Mr. Alexander must allege that prison

officials were deliberately indifferent to a substantial risk of serious harm.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Stated another way, Mr. Alexander must demonstrate both that the injury he suffered was sufficiently serious and that prison officials acted with deliberate indifference.  *See Tafoya*, 516 F.3d at 916.

The Court finds that claim 19 is legally frivolous and must be dismissed.  To the extent Mr. Alexander claims his Eighth Amendment rights were violated as a result of verbal assaults, he fails to allege facts that rise to the level of a constitutional violation.  *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (verbal threats and harassment do not rise to the level of cruel and unusual punishment).  To the extent Mr. Alexander alleges within claim 19 that he was physically assaulted by Defendants Baxton and Ash, the claim is vague and conclusory because Mr. Alexander fails to allege when the physical assaults occurred and he fails to alleges that Defendants Baxton and Ash acted with deliberate indifference.  *See Ketchum*, 775 F. Supp. at 1403.

Claim 20

Mr. Alexander alleges in claim 20 that unidentified staff members at SCF attempted to assault him by placing a loose razor in his food on February 28, 2012, that could have been fatal if he had not found it first.  The Court will not address the merits of claim 20 at this time.

Claim 21

Mr. Alexander does not assert within claim 21 any constitutional violations that are not asserted elsewhere in the second amended Prisoner Complaint.  Therefore, the Court will dismiss claim 21 as legally frivolous because the claim is repetitive of Mr. Alexander's other claims.

For the reasons discussed in this order, the Court will dismiss claims 3-10, 12-19, and 21 in the second amended Prisoner Complaint as legally frivolous.  The Court also will dismiss as parties to this action every Defendant who is not identified in claims 1-2, 11, or 20.  Mr. Alexander's remaining claims against the remaining Defendants will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D because the Court has completed its review pursuant to D.C.COLO.LCivR 8.2C. Accordingly, it is

ORDERED that claims 3-10, 12-19, and 21 in the second amended Prisoner Complaint (ECF No. 15) are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  It is

FURTHER ORDERED that Defendant Sgt. Arfsten is dismissed as a party to this action because Plaintiff does not assert any claim against him or her; and Defendants Lt. Preston Ten Eyck, Chairperson Allen Harms, Initiating D.O.C. Employee Jimerson, CM I Randy Norris, CM III Wesley Wilson, Dan Cransfield, Jane or John Doe Law Library Staff, Jane or John Doe Law Library Staff, C.M. Darrel Snyder, CDOC Step 3 Grievance Officer A. DeCesaro, Sgt. Jones, C.O. Hux, C.O. Huff, C.O. Seyfang, Jane or John Doe Mailroom Staff, Jane or John Doe Mailroom Staff, C.O. Baxton, C.O. Ash, C.O. Davidson, C.O. Andriello, C.O. Briggs, and Jane or John Doe Medical Department are dismissed as parties to this action because the claims against them are legally frivolous.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  26th  day of    September    , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court